474 P.2d 448

Eduardo P. CHAVEZ, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Magma Copper Company, San Manuel Division, Respondent Employer,

State Compensation Fund, Respondent Insurance Carrier.

No. 1 CA–IC 421.

Court of Appeals of Arizona, Division 1, Department B.

Sept. 24, 1970.

Rehearing Denied Oct. 19, 1970. Review Denied Dec. 15, 1970.

Lawrence Ollason, Tucson, for petitioner.

Donald L. Cross, Chief Counsel, Industrial Commission of Arizona, Robert K.

Park, Chief Counsel, State Compensation Fund, Twitty, Sievwright & Mills, by John F. Mills, Phoenix, for respondent employer.

JACOBSON, Judge.

This review of a decision of the Industrial Commission requires a determination as to the applicable scheduled injury provision of A.R.S. § 23–1044, subsec. B (1956), where the injured employee lost all hearing in one ear and suffered a partial loss of hearing (30%) in the other ear in an industrially related accident.[1]

Petitioner suffered a total loss of hearing in his left ear and a 30 percent loss of hearing in his right ear. The Commission found that the employee had sustained a binaural (pertaining to both ears) hearing loss of 42 percent. The Commission granted petitioner an award based on 42 percent loss of hearing or 25¼ months at 50 percent of his average monthly wage. Petitioner does not question either the finding of 42 percent loss of binaural hearing or the amount of the average monthly wage.

The pertinent statutory provisions relating to compensation for hearing loss are as follows:

"Section 23–1044, subsec. B: 'Disability shall be deemed permanent partial disability if caused by any of the following specified injuries, and compensation of fifty-five percent of the average monthly wage of the injured employee, * * * shall be paid for the period given in the following schedule:

"18.   For permanent and complete loss of hearing in one ear, twenty months.

"19.   For permanent and complete loss of hearing in both ears, sixty months.

\*    \*    \*    \*    \*    \*

"21.   For the * * * partial loss of * * * hearing, fifty percent of

the average monthly wage during that proportion of the number of months in the foregoing schedule provided for the * * * complete loss of * * * hearing, which the partial loss of use thereof bears to the * * * total loss of * * * hearing.'"

Petitioner contends that he is entitled to 55 percent of his average monthly wage for 20 months for the total loss of hearing in the left ear under § 23–1044, subsec. B, par. 18, and an additional 50 percent of his average monthly wage for 18 month (30 percent of 60 months) for the partial loss of his hearing in the right ear under § 23–1044, subsec. B, par. 21.

We hold the Industrial Commission correctly determined petitioner's compensation. There is no question that petitioner's one industrial accident resulted in an overall partial loss of hearing. Such a partial loss of hearing is only compensable under the formula set forth in § 23–1044, subsec. B, par. 21.

If petitioner's contention was correct and instead of his suffering a 30 percent loss of hearing in his right ear he suffered an 80 percent loss of hearing, compensation would be paid him for a period of 68 months (20 months for the total loss of hearing in one ear plus 80 percent of 60 months or 48 months for partial loss of hearing in the right ear). This would result in petitioner receiving eight months more in compensation for a partial loss of hearing than he would receive under the statute for a total loss of hearing in both ears (60 months under § 23–1044, subsec. B, par. 19). Such a result could not have been intended by the legislature.

The award of the commission is affirmed.

EUBANK, P. J., and HAIRE, J., concur.

1.  This case is decided under the law as it existed prior to January 1, 1969.